776 December 17, 2025 No. 1096

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

John Earl MOODY,
*Petitioner-Appellant,*
*and*

Shuai Christine ZHANG,
aka Christine Zhang,
*Respondent-Respondent.*

Multnomah County Circuit Court
14DR06087; A184363

Amy Holmes Hehn, Judge.

Argued and submitted November 10, 2025.

Kimberly A. Quach argued the cause for appellant. Also on the brief was Quach Family Law, P.C.

No appearance for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

JACQUOT, J.

Father appeals from a supplemental judgment modifying a parenting plan and raises four assignments of error. In his first, he argues the trial court erred in interpreting the parenting plan provisions outlined in section 1 of the supplemental judgment from February 2016. In his second, he argues the trial court erred by failing to rule that mother violated a *status quo* order. And in his third and fourth assignments of error, he argues that the trial court improperly admitted certain video evidence and did not sufficiently cure any error by disclaiming reliance on that video evidence. Mother does not appear on appeal. We affirm.

"Absent *de novo* review, [which father does not request,] we review a trial court's decision relating to parenting time first for legal error to determine whether the trial court applied the correct legal standard in making the challenged best interests determination."[1] *Davison and Schafer*, 308 Or App 513, 518, 479 P3d 1108 (2021) (internal quotation marks and citation omitted). We review the court's best-interests determination for abuse of discretion and will only reverse if the court's discretionary determination was not a legally permissible outcome. *Id.* Among other best interest factors, a court's parenting plan determination is informed by a legislative directive to recognize the value of children having close contact with both parents and, when practicable, to encourage joint responsibility and care for the children. *Id.* at 519. We are bound by the trial court's explicit and implicit findings of fact if there is evidence in the record to support them. *M. E. v. Kirk*, 338 Or App 215, 216, 565 P3d 865 (2025); *Sjomeling v. Lasser*, 251 Or App 172, 173, 285 P3d 1116, *rev den*, 353 Or 103 (2012).

Regarding his first assignment of error, father argues that the trial court erred by failing to apply or misapplying contract interpretation consistent with *Yogman v. Parrott*, 325 Or 358, 361-62, 937 P2d 1019 (1997) and *Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 319-20, 129 P3d

---

[1] We only exercise our discretion to review *de novo* in exceptional cases; this case does not present any assignments of error or issues appropriate for *de novo* review. *See* ORAP 5.40(8)(c) - (d) (providing criteria relevant to our decision whether to exercise *de novo* review).

773, *rev den*, 341 Or 366 (2006). However, review of the record indicates that both parties proffered a number of arguments about the disputed provisions of the parenting plan. The trial court issued a 20-page supplemental judgment, including well-reasoned and carefully explained findings. Father argues that the trial court, "did not expressly find the [parenting plan] allowed mother to choose after school education and tutoring programs." The trial court made a number of explicit findings of fact regarding the children's participation in activities both academic and non-academic in nature, and implicitly rejected father's proffered interpretation of the parenting plan. The trial court's ultimate determinations about the interpretation of the parenting plan were reasonable and the record does not support a conclusion that the trial court committed legal error regarding contract interpretation.

In his second assignment of error, father asserts that the trial court erred when it failed to rule on his motion to enforce a 2018 *status quo* order. The trial court's decision to decline to make specific findings proposed by father is not an adequate basis for reversal. The record indicates that the court has been consistently involved in managing conflict and parenting time between mother and father for a number of years, including the period of time from the filing of father's January 2019 motion to enforce through issuance of the judgment that is the subject of father's appeal. In that judgment, the court clarified that the 2018 *status quo* order was intended to be short-term, and the court otherwise reaffirmed, clarified, or modified the earlier parenting plan so as to address the matters of concern to both parents, with a focus on the best interests of the children. The trial court's finding that the *status quo* order was intended to be temporary and short-term, and the extensive and well-reasoned changes to the parenting plan indicate that father's motion was implicitly denied. To the extent that father challenges the merits of the denial, that issue is now moot.[2] *See Dept. of*

---

[2] During oral argument, father argued that it is not moot because "mother could simply do what she wanted, the court wouldn't enforce it, and then we would have no means to hold parents accountable for following temporary restrictive orders * * *." He asked that on remand, the case be assigned to a different trial judge, for reasons related to his third and fourth assignments of error. Father did not offer any authority that indicates we are empowered to do that, and we

*Human Services v. P. D.*, 368 Or 627, 631-32, 496 P3d 1029 (2021) ("As a general proposition, when it becomes clear that resolving the merits of a claim will have no practical effect on the rights of the parties, an appellate court may dismiss an appeal as moot.").

In his third and fourth assignments of error, father argues that the trial court erred when it admitted video recordings of the parties, their children, and a pediatrician that were recorded by mother without consent.[3] "Where the trial court admits or excludes evidence based on the court's interpretation of a statute, we review the court's ruling for legal error." *Yoshida's Inc. v. Dunn Carney Allen Higgins & Tongue*, 272 Or App 436, 443, 356 P3d 121 (2015), *rev den*, 358 Or 794 (2016).

On page 20 of the judgment, the trial court explicitly provided that the video evidence should have been excluded and that the court reversed admission of that evidence and excluded it from consideration. "When a case is tried to the court, appellate courts presume, unless the record demonstrates otherwise, that the trial court disregarded any inadmissible evidence and based its findings and judgment only on admissible evidence." *State v. Fulmer*, 229 Or App 386, 395, 211 P3d 942 (2009), *rev den*, 348 Or 13 (2010). Nothing in the record suggests the trial court did otherwise. The trial court's extensive findings of fact—which are supported by evidence in the record and reflect meaningful insights about both parents, the children, and other important individuals such as extended family members—do not support an inference that the trial court improperly relied on evidence that it ultimately excluded. Furthermore, there were a great number of bases to support the trial court's best interests and parenting plan determinations wholly separate from any evidence that father complains of. *See Sjomeling*, 251 Or App at 187 (a trial court has broad discretion in best interest determinations, is best positioned to consider the relevant factors and reversal is only warranted when a court's discretionary determination is not a legally permissible one);

---

decline to develop his argument for him. Nothing in the record suggests that the trial court lacked the means to hold the parties accountable.

[3] Assignment of error three challenges exhibits 154 to 158; assignment of error four challenges exhibits 133, 151, 153, and 165.

*see also M. E.*, 338 Or App at 220 (a parenting plan will not be disturbed if the court considered the best interests of the children and the safety of the parties).

Affirmed.